IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



JOHN ROBERT DEMOS,

    Petitioner,

v.                                                   Civil Action No. 3:10CV158

PATRICK GLEBE,

    Respondent.

## MEMORANDUM OPINION

John Robert Demos, a Washington inmate proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his present 28 U.S.C. § 2254 petition, Demos challenges his 1974 convictions in the Superior Court for King County, Washington for burglary and attempted rape, and the life sentence consequently imposed.[1]

Demos acknowledges that he has raised the instant claims in prior federal habeas proceedings. (§ 2254 Pet. 7-12, ¶ 14.) This Court has limited jurisdiction to entertain successive applications

---

[1] Demos has scores of actions or appeals that have been dismissed as frivolous, malicious or for failure to state a claim upon which relief could be granted. See 28 U.S.C. § 1915(g); Demos v. U.S. Dist. Court for E. Dist. of Wash., 925 F.2d 1160, 1161 (9th Cir. 1991) ("Demos is a prolific litigant.... [W]e hold that he has abused the privilege of filing petitions in forma pauperis in this court."); Demos v. John Doe/Director, et al., No. 3:03cv1023 (E.D. Va. Feb. 18, 2004) (finding Demos in no imminent danger and dismissing action for failure to pay full filing fee); Demos v. Kincheloe, 563 F. Supp. 30, 31 (E.D. Wash. 1982) (entering a prefiling order against Demos because "each and every complaint and petition" filed by Demos "is frivolous, malicious, repetitive, de minimis, wholly insubstantial, or insufficient to invest the court with subject matter jurisdiction. . . .").

for habeas relief. See Felker v. Turpin, 518 U.S. 651, 657 (1996). Specifically, Section 2244(b)(3)(A) provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Demos does not suggest that he has obtained such authorization. Accordingly, the present action will be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). No law or evidence suggests that Petitioner is entitled to further consideration in this matter. A certificate of appealability will therefore be DENIED.

The Clerk is DIRECTED to send a copy of this Memorandum Opinion to Demos.

An appropriate Order shall issue.

/s/ REP
Robert E. Payne
Senior United States District Judge

Date: June 11, 2010
Richmond, Virginia